**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| RAUL DELGADO LOPEZ, | ) | |
| ID # 44259-177, | ) | |
| Movant, | ) | No. 3:12-CV-4515-D-BH |
| vs. | ) | No. 3:12-CR-0086-D (01) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, filed November 8, 2012 (doc. 1), should be **DENIED** with prejudice.

**I. BACKGROUND**

Raul Delgado Lopez (Movant) challenges his federal conviction and sentence in Cause No. 3:12-CR-086-D. The respondent is the United States of America (Government).

**A.     Plea and Sentencing**

Movant was charged by indictment with illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). (*See* Indictment). On July 20, 2012, he pled guilty without a plea agreement. (*See* doc. 16).[1] He also signed a factual resume admitting to facts sufficient to support his plea. (*See* doc. 14).

The pre-sentence report (PSR) prepared by the probation office contained a sixteen-level enhancement based on Movant's previously removal from the United States as a result of a conviction for delivery of a controlled substance, a drug-trafficking offense for which he received

---

[1] All document numbers refer to the docket number assigned in the underlying criminal action.

a two-year sentence. It also included a two-level decrease in the sentencing guideline for acceptance of responsibility, with a resulting sentencing guideline range of 51 to 63 months. (PSR ¶¶ 14, 17, 51). The PSR noted that Movant had been arrested after a January 2012 traffic stop, during which he provided a false name to the officer, shoved an officer, and fled on foot before he was caught. During this stop, the police learned that Movant had an outstanding warrant for driving while intoxicated and giving false information. (PSR ¶¶ 6, 27, 28).

Neither party objected to the PSR. Prior to sentencing, Movant signed a sentencing agreement in which he waived the right to contest his conviction and sentence in any direct appeal or collateral proceeding, except to bring a direct appeal challenging his sentence as either exceeding the statutory maximum punishment or having been calculated by way of an arithmetic error or to challenge the voluntariness of his plea or waiver and to bring a claim of ineffective assistance of counsel. (doc. 22). In exchange, the Government agreed to move for a one-level decrease in his sentencing guideline. *Id.*

At the sentencing hearing on November 2, 2012, Movant's attorney argued for a two-level downward departure in sentencing under the fast-track program for defendants who plead guilty to illegal re-entry. She acknowledged that the Government had not moved for a downward departure under that program in Movant's case because he had been convicted in state court of failure to identify and evading arrest, and it has an unwritten policy of not recommending the program where the defendant attempted to avoid detection. She also stated that she had discussed with Movant the reasons why he was disqualified from the program. (doc. 28 at 9-10). Nevertheless, counsel argued that it was her understanding that except for this policy, Movant would qualify for a two-level downward departure in his sentence even with his state conviction, and that denial of the departure would result in Movant receiving a disparate sentence for similar defendants. She also argued that

2

Movant was entitled to a downward departure in sentencing because he had not committed new crimes other than his attempt to avoid arrest and detection since his return to the United States in 2009, and he had been attempting to provide for his son in Mexico. (*Id*. at 10-11). In addition, Movant's incarceration had been difficult for him because he sustained a compound fracture in his arm that required surgery, as well as a plate and screws, during the course of his arrest. (*Id*. at 11).

The Court granted the Government's motion for an additional one-level reduction in sentence due to acceptance of responsibility, adopted the PSR, and denied the defense's motion for downward departure. The one-level reduction resulted in a new sentencing guideline of 46 to 57 months, and the Court sentenced Movant to 50 months' imprisonment. This sentence was one month lower than what Movant would have otherwise received in order to give him credit for the three weeks he spent in immigration custody before he was transferred to the federal marshal's custody. (*Id*. at 7-8, 13-15, doc. 24). Movant did not appeal his conviction and sentence to the Fifth Circuit.

**B.     Substantive Claims**

Movant asserts that his defense counsel was ineffective for failing to properly investigate his case and the fact-track program and to move for a continuance in his sentencing so that he would be eligible for the fast-track program. (Mot. at 7). The Government filed a response on January 17, 2013. (*See* Resp. Opp'n Mot. (Resp.).) Movant did not file a reply.

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.

3

1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982))).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Movant claims that his trial attorney was ineffective for failing to investigate his case and to move for a continuance in sentencing so that he would be eligible for a downward departure under the fast-track program.

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective

assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). The second prong of *Strickland* is not satisfied by mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

On January 31, 2012, the Department of Justice issued a memorandum instructing all United States Attorneys to implement fast-track programs in their districts no later than March 1, 2012, for cases where a defendant was pleading guilty to felony reentry pursuant to a plea agreement. If a defendant was eligible, the attorney for the Government was required to move for either a four-level downward departure or a two-level departure, depending on whether the defendant had a high criminal history category or at least one felony conviction for a serous violent offense. The memorandum expressly declined to create any substantive or procedural rights and gave each district

the discretion to determine eligibility for the program by considering prior felony convictions, prior deportations, the circumstances surrounding the arrest, and any other aggravating factor. *See* Memorandum from James M. Cole for U.S. Attorneys (Jan. 31, 2012) (Fast-Track Memo), *available at* www.justice.gov/dag/fast-track-program.pdf.

Movant was indicted on March 20, 2012, and sentenced on November 2, 2012. Because he was charged and sentenced after this district implemented its fast-track program, there was no need for a continuance so that he could be considered for the program. Counsel referenced this program when she argued at sentencing that Movant should be granted a two-level downward departure in sentencing, notwithstanding his previous felony conviction for drug-trafficking. She also acknowledged that it was within in the Government's discretion whether to recommend the downward departure under the program, and that it had an informal policy of not recommending a downward departure in cases (like Movant's) where the defendant attempted to avoid arrest or detection. Movant's attorney was clearly aware of the program and argued for a downward departure based on it. She was not ineffective for failing to move for an unnecessary continuance. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."). Movant has also failed to establish what further action counsel could have taken to try to lower his sentence. Because he has failed to establish either a deficiency in representation or any prejudice, his sole ground for relief is without merit and should be denied.

### IV. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that movant is entitled to no relief.

6

## V.  RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED this 10th day of June, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE